ALLEN, Appellant, vs. ALLEN, Respondent.*

*January 7—February 4, 1958.*

---

* Motion for rehearing denied, with $25 costs, on April 8, 1958.

For the appellant there was a brief by *Cain & Herrling* of Appleton, and oral argument by *Don R. Herrling*.

For the respondent there was a brief and oral argument by *Henry P. Hughes* of Oshkosh.

MARTIN, C. J.    The question is whether the allowance of $60 per month alimony is proper under the facts of this case.

These parties, starting with practically nothing at the age of seventeen, accumulated in their twenty-eight years of married life an estate of more than $35,000. Although it was derived entirely from the husband's earnings, it must be considered that the wife aided substantially in the accumulation of that estate, and the award of 40 per cent to her in the property division appears to us to be fair and equitable.

Of her share she has about $12,000 which may be invested to produce an income. Since she has had no business experience of any kind, we cannot see how the investment of that sum in income-producing property, as respondent suggests, would assure her of an adequate living. To purchase property capable of such a return would compel her to go into debt and its management would involve a great many details with which she has had neither the training nor experience to cope. It seems far more likely that her capital would be dissipated to provide the necessities of living, particularly since the $60 monthly alimony allowance cannot provide even the essentials regardless of the frugality she may be willing to practice.

In matters of this kind we are reluctant to overrule the trial court. However, in this particular case we are of the opinion that the wife's alimony allowance should be increased to $125 per month. Her earning capacity is ex-

tremely limited, not only because of her lack of experience but also because of the loss of an arm.

Respondent argues that in considering the appellant's physical disability it must also be remembered that the impairment of the husband's eyesight will undoubtedly have a bearing on his earning capacity. This may be true, although there is nothing in the record to indicate that the eye impairment, a condition which existed for at least two years prior to the trial, has up to this time caused any reduction in his rank or pay. His "take home" earnings at the time of trial were $700 per month. Whether they may be less in the future is a question not material to an evaluation of the present circumstances of the parties.

Even considering the income-producing possibilities of her share in the property, we cannot see how the appellant can maintain herself without additional alimony at this time. Balanced against the amount of the husband's income, the allowance of $60 per month is inequitable, considering the particular circumstances of this case to which we have referred. The increase of alimony to $125 per month will provide the appellant with a sum sufficient to meet her essential needs and will not place an unreasonable burden on the respondent.

*By the Court.*—That part of the judgment appealed from is reversed, and cause remanded with directions to allow alimony of $125 per month. Costs to the appellant.