RADANDT, Respondent, v. RADANDT, Appellant.

*January 31—March 1, 1966.*

For the appellant there was brief and oral argument by *Joseph A. Van Susteren* of Appleton.

For the respondent there was a brief by *Genrich, Terwilliger, Wakeen, Piehler & Conway,* attorneys, and *Richard J. Weber* of counsel, all of Wausau, and oral argument by *Mr. Weber.*

CURRIE, C. J. The defendant contends on appeal that both the permanent alimony and the provision made for plaintiff wife by way of property division are excessive and constitute an abuse of discretion.

## *Permanent Alimony.*

At time of trial plaintiff was fifty-six years of age and defendant was fifty-two. Plaintiff has never been

employed for wages or salary and is in reasonably good health. She has no separate estate of her own. Defendant's business is that of conducting furniture closeout sales and sales promotions in Wisconsin and neighboring states and his annual net income is $8,000 to $9,000 per year. He has a heart condition which causes chest pains when he overly exerts himself, and at all times carries nitroglycerin pills to relieve these pains. Defendant also has a double hernia for which his physicians have recommended an operation.

For a considerable period prior to the institution of the instant action defendant had given plaintiff an allowance of $35 per week, which is approximately $150 per month. He had also paid all utility bills and paid for other items such as a dental bill. Additionally, defendant had been making monthly payments of $160 to the bank, the mortgagee of their home. The bank applied $125 of each payment to principal and interest due on the mortgage debt and $35 for taxes. Plaintiff will now have to assume these payments, for in dividing the estate the trial court awarded her the home, subject to the mortgage. Thus defendant had been paying more than $310 a month for items that plaintiff will now have to pay for out of the $350 a month alimony awarded by the judgment.

Defendant contends that because of his heart condition his future earning capacity has been impaired. However, prior to time of trial the heart condition had not impaired his earnings. The trial court properly determined the amount of alimony awarded as of time of trial. Whether his earnings will be less in the future is not material because if this does occur defendant can then move the court for a reduction based on such a change in circumstance.[1]

---

[1] See *Allen v. Allen* (1958), 3 Wis. (2d) 100, 103, 87 N. W. (2d) 797.

On a number of occasions this court has made it clear that upon termination of the marriage relationship, the husband has a continuing obligation to support his wife in the manner to which she was accustomed.[2] The trial court found that the parties were accustomed to a high standard, as evidenced by this statement:

"The Court believes that this couple have led a good life. That they are accustomed to moving in the higher circles of society. The Court believes that the plaintiff should not be unduly hampered in living, if that is possible."

Upon our review of the pertinent facts, as herein related, we do not find the award of permanent alimony to be excessive, and thus it does not constitute an abuse of discretion.

### Division of Estate.

The total property owned by the parties at the time of the trial consisted of:

(1) A commercial building in Wausau valued at $230,-000, but encumbered by a first mortgage of $170,000, a second mortgage of $67,000, and a third mortgage of $15,000. The building is under a twelve-year lease to the Johnson Hill Company, at a monthly rental of $1,890. The rentals are paid directly to the bank, the holder of the $170,000 mortgage.

(2) The home held in joint tenancy, valued at $14,000, but subject to an $8,723 mortgage.

(3) Household furniture not valued.

(4) Land in the Horicon marsh that defendant and others owned for hunting purposes. There was no testimony as to the value of this property, but plaintiff admitted such value was trivial.

---

[2] *Tonjes v. Tonjes* (1964), 24 Wis. (2d) 120, 125, 128 N. W. (2d) 446; *Caldwell v. Caldwell* (1958), 5 Wis. (2d) 146, 161, 92 N. W. (2d) 356.

(5) A $400 check from a condemnation award.

(6) An undisclosed amount in a checking account.

(7) Two automobiles—a 1951 Pontiac valued at $100 and a late-model Cadillac not valued.

The judgment awarded to plaintiff the home and its furnishings, the $400 check, the 1951 Pontiac, and a money judgment of $25,000 against the defendant, which, if not paid, is to bear no interest until three years from the date of the judgment, and after that period is to draw interest at five percent per annum. Defendant was awarded the commercial building, the hunting property, the checking account, and the late-model Cadillac.

While the division of estate in a divorce action is peculiarly within the discretion of the trial court, this court has repeatedly laid down the guideline that in general a third of the estate is a liberal allowance to the wife subject to be increased or decreased according to special circumstances.[3] In *Kronforst v. Kronforst* [4] we set forth four factors which would warrant granting an award of more than one third to the wife. These are a long period of marriage, complete lack of any separate estate in the wife coupled with her inability to support herself, low award of permanent alimony, and breakup of marriage due to husband's wrongful conduct.[5]

In the instant case three of these four factors are present which would justify granting a more favorable division to plaintiff than one third, *i. e.,* long marriage, no separate estate and inability to support herself by her own efforts, and wrongful conduct on part of the husband. The one factor militating against such increase is that substantial permanent alimony has been granted plaintiff. After weighing all these factors we consider that the amount of estate awarded plaintiff should not

[3] *Kronforst v. Kronforst* (1963), 21 Wis. (2d) 54, 61, 123 N. W. (2d) 528; *Wagner v. Wagner* (1961), 14 Wis. (2d) 23, 27, 109 N. W. (2d) 507.

[4] *Supra,* footnote 3.

[5] Id. pages 61, 62.

exceed approximately one half of the whole. If the $25,000 judgment were eliminated the award to plaintiff would be approximately half of the whole on the basis of there being no equity in the business building.

The evidence relating to the market value of the business building consisted of the testimony of one Schlitz who is an officer of a Wausau savings and loan association and has had considerable experience in appraising real estate in Wausau. He placed a value of $230,000 on this building, and stated that he arrived at this value by comparison with certain other buildings in Wausau built in the same period and used for the same purpose. Schlitz did not state the basis of this comparison and the record is silent as to whether any of these buildings had been recently sold. He apparently did not give any consideration to the income which was being derived from the building by way of a rental of $1,890 per month under a lease that at time of trial had approximately twelve years to run.

As the record on this appeal stands, defendant has no equity in the building because the principal owing on the three mortgages aggregates $252,000. Plaintiff points to the fact that the lease will produce $272,160 of gross rentals during the next twelve years and that the $25,000 judgment awarded her is less than 10 percent of such gross rentals. However, for the purpose of establishing the value of the estate of the parties these future rentals cannot be divorced from the building and considered apart from it. They are, however, a substantial factor that ought to have been taken into consideration in arriving at the market value of the building.

Neither the lease itself nor its pertinent provisions are part of the record before us. Thus we do not know whether defendant or the tenant has the obligation to make repairs and improvements; nor do we know who is responsible for payment of taxes and insurance and the amounts payable for such purposes. The rentals have been

assigned by the parties to the bank which holds the first mortgage, and the bank has paid substantial amounts out of the rentals collected for repairs and improvements. Defendant testified that the lease did not require him to make such repairs and improvements, and he disputed the right of the bank to have made disbursements for such purpose. There is past-due interest payable on the first and second mortgages and the holders of the third mortgage have threatened foreclosure.

On the basis of the record before us there is no justification for the $25,000 judgment awarded to plaintiff against defendant. However, in the interest of justice we deem it desirable to remand the case to the trial court for the purpose of having the parties adduce further evidence as to the value of the business building by taking into consideration the existing lease as well as other pertinent factors. If, after adducing this further evidence, it is again determined that the market value is less than the mortgage encumbrances, then the divorce judgment should be modified so as to terminate plaintiff's interest in the building. On the other hand, if it should be determined that defendant has an equity therein, plaintiff should be awarded a lien against the building for such amount as the court deems equitable but not to exceed one half the value of such equity. If any such lien is adjudged, the judgment should accord such lien the same priority as the $25,000 judgment which such lien is to replace.

*By the Court.*—That part of the judgment which awarded to plaintiff a $25,000 judgment against defendant is reversed and the remaining portions of the judgment are affirmed; and the cause is remanded for further proceedings consistent with this opinion. Neither party shall tax costs on this appeal.