SHOLUND, Respondent, v. SHOLUND, Appellant.

*February 1—February 28, 1967.*

For the appellant there was a brief by *Cooke & Loehning* of Neenah, attorneys, and *Henry P. Hughes* of Oshkosh of counsel, and oral argument by *Mr. Hughes*.

For the respondent there was a brief and oral argument by *Morris Warzinik* of Neenah.

HEFFERNAN, J.

> *Did the order of April 18, 1966, provide only for*
> *a final division of property, thereby precluding*
> *any further provision for the wife?*

The respondent takes the position that the order was for the final division of property only and was

not an order for alimony as well. He relies upon sec. 247.32, Stats., which provides:

"**Revision of judgment.** After a judgment providing for alimony or other allowance for the wife and children, or either of them, or for the appointment of trustees as aforesaid the court may, from time to time, on the petition of either of the parties and upon notice to the family court commissioner, revise and alter such judgment respecting the amount of such alimony or allowance and the payment thereof, and also respecting the appropriation and payment of the principal and income of the property so held in trust, and may make any judgment respecting any of the said matters which such court might have made in the original action. But when a final division of the property shall have been made under s. 247.26 no other provisions shall be thereafter made for the wife."

Respondent asserts that the statute and the holding of this court in *Trowbridge v. Trowbridge* (1962), 16 Wis. (2d) 176, 180, 114 N. W. (2d) 129, are controlling in this case. Therein we stated:

"If it provides only for a final division, it may not thereafter be modified to substitute or to add a provision for alimony. If it provides for both, the provision for alimony may be revised from time to time, but the division of the estate is fixed for all time."

The appellant is before this court claiming that the award of $75 per month is unfair in that its termination in nine months will force the defendant to dissipate the corpus of her personal estate. If we conclude that the nine monthly payments in the order are merely made as a part of the final division of property, the defendant is foreclosed from receiving the further payments as *alimony* by virtue of the provisions of sec. 247.32, Stats., and the rule of the *Trowbridge Case, supra.*

We conclude, however, that the order providing for payments of $75 for nine months was for alimony and, as such, is subject to revision in the discretion of the

court. Whether the court abused its discretion in setting the amount will be considered later herein.

The decision of whether the order constituted a division of property plus alimony, or a property division only, is not without difficulty. The trial court repeatedly referred to the award of $75 per month as "alimony." However, in this very situation, this court has stated:

> "That the legal effect of the judgment must govern and not the mere language used therein was decided as early as *Bacon v. Bacon,* 43 Wis. 197." *Lally v. Lally* (1913), 152 Wis. 56, 62, 138 N. W. 651.

In the *Bacon Case, supra,* page 198, the judgment awarded " 'as further allowance and alimony to the plaintiff' the sum of $2,750" from the husband's estate. Mr. Chief Justice RYAN, speaking for the court, held that the word "alimony" was superfluous and that the legal effect of what was done was, in fact, a final division of property between the husband and wife and, as such, was not subject to further revision. It was merely the payment of the property settlement in installments.

In *Lally v. Lally, supra,* page 59, the court relied upon the reasoning of the *Bacon Case* and stated:

> "If the judgment in fact makes no final division of the husband's estate, it is not a judgment of final division though so named therein. The label may be useful in ascertaining what kind of judgment is rendered, but it is not conclusive. If the judgment rendered bears all the characteristics of a judgment for alimony . . . then it is of no importance what name it gives itself."

In *Lally* the court stated the criteria that it used therein to conclude that the payments in question were alimony and not a property division. One of them was ". . . monthly payments, ceasing upon death or remarriage and enforceable by further application of the court." See also *Anderson v. Anderson* (1959), 8 Wis. (2d) 133, 98

N. W. (2d) 434, and cases cited therein distinguishing alimony from a division of property.

At the time of the *Bacon* and *Lally Cases* a court was obliged to either divide the property or award alimony; it could not do both. However, as pointed out in *Trowbridge, supra,* page 180, sec. 247.26, Stats., was revised in 1935, and "Since then, a judgment may include both a final division [of property] and an award of alimony."

In the instant case, as part of the original judgment that came shortly after the divorce hearing, the court ordered a "partial division" of property and gave the household goods and furnishings to Catherine Sholund, and the automobile, airplane, personal effects, and stocks and bonds to John Sholund. The division was approximately equal in value.

The division of the homestead was held in abeyance until such time as the youngest child attained the age of eighteen. However, the judgment directed the husband to pay the utility bills and monthly mortgage payments as "alimony."

It could reasonably be argued that this original judgment was for the division of property only and what the judge denominated as alimony was merely a series of payments that were designed to preserve the property and to make the family home available for the use of the children until a "final" property settlement could be reached.

In 1965, when it appeared that the children were not going to continue in the homestead with the mother, John Sholund petitioned for the sale of the home. After hearing, the court stated in its memorandum opinion:

"The Court therefore concludes and decides that the defendant shall be awarded the sum of $10,000.00 as and for a property settlement in lieu of any and all alimony. That, further, the plaintiff shall pay the sum of $75.00

per month alimony commencing as of the 1st day of November, 1965, and shall continue for a period of nine months."

It is significant to note that, although the judge stated that the sum of $10,000 was to be paid "as and for a property settlement in lieu of any and all alimony," he in the very next sentence of his memorandum directed the payment of "$75.00 per month alimony commencing as of the 1st day of November, 1965."

We conclude that a close scrutiny of the record indicates that alimony as defined in the statutes was what was intended. Both the constant usage by the court and the parties of the term, "alimony," and the accepted definition of what legally constitutes "alimony" compel this conclusion.

Sec. 247.26, Stats., provides that alimony where granted shall be a payment "to the wife . . . out of the property or income of the husband, for her support and maintenance . . . ." In *Luedke v. Luedke* (1934), 215 Wis. 303, 305, 254 N. W. 525, this court stated:

"Alimony is a maintenance awarded by the court . . . . It is not a portion of his estate to be assigned to her . . . but a provision for her support."

That it was this kind of a payment the parties and the judge were referring to is made clear from the affidavit of defendant's attorney in support of a petition for a further hearing on alimony, in which it was stated:

"Affiant further states that the Order of the 21st day of September, 1965, orders the defendant to pay $75.00 per month alimony only for a period of an additional six months. That the decision of the Court fails to make a finding as to the need of the defendant, the present earnings of the plaintiff, and other matters which may be pertinent in the event of an appeal on the proposition of alimony. That due to the fact that much of the evidence was introduced informally in the Court's chamber, affiant had no opportunity to establish a record

as to defendant's need, the plaintiff's earnings, and the value of his insurance business and other properties. That affiant is of the opinion that the rights of the defendant may not be duly protected if he is unable to establish the proper record in the event that an appeal to the Supreme Court on the proposition of alimony may be indicated."

In the decision following the plaintiff's order to show cause why there should not be further evidence adduced on the matter of the adequacy of alimony, the court again referred to the $75 per month payment as alimony and "re-affirms its former decision as to both property settlement *and* alimony." (Emphasis added.) The order appealed from again refers to the monthly payments as alimony, and refers to them as a separate item unrelated to any division of property.

Upon considering the record as a whole, it is apparent that the problem of support and maintenance of the wife was distinguished by the parties from the division of property, and it was considered and ruled upon by the judge using the term, "alimony."

It is, therefore, inconceivable that the court used the term, "alimony," interchangeably with "division of property," and that the $75 payments for nine months was intended merely as an additional property settlement of $675. It was not so denominated, and there was nothing in the record that would support such an award as a property division. There was no additional property to divide. Despite the confusion that the record presents, we can only conclude from a scrutiny of the record that the award was for "alimony." It is obvious, however, that the use of greater precision in the language used in the orders and documents of record would have obviated any uncertainty. There should be no occasion for this court to resort to a detailed search of the record and the construction of the trial court's orders to determine whether an award is a "property division"

or "alimony." Since a final property division is not subject to a later revision or alteration by virtue of the changed circumstances of the parties, while an alimony award for the support of the wife may be revised from time to time, it is of the utmost importance that the parties and the court spell out explicitly the nature of the provisions that are made for the wife.

> *Did the provision for alimony payments terminating after nine monthly installments constitute an abuse of discretion?*

Whether the alimony payments are so low as to constitute an abuse of discretion must be determined in the context of the entire judgment, which also provided for a property settlement. We have previously said that, in the absence of some exceptional intervening circumstances, the date of granting of the divorce is the proper time to determine the value of the estate for the purposes of a property division. *Brackob v. Brackob* (1953), 265 Wis. 513, 518, 61 N. W. (2d) 849. At the time of the divorce it appears that the parties' estate consisted of personal property valued at a net of $9,400 and real estate of a net value of $9,300. Of this total amount of $18,700 the defendant was awarded personal property of the value of $4,700 and, upon the sale of the house, was awarded $10,000, a total of almost $15,000, or well over 75 percent of the total estate of the parties. In *Radandt v. Radandt* (1966), 30 Wis. (2d) 108, 113, 140 N. W. (2d) 293, we pointed out that:

"While the division of estate in a divorce action is peculiarly within the discretion of the trial court . . . a third of the estate is a liberal allowance . . . to be increased or decreased according to special circumstances. In *Kronforst v. Kronforst* we set forth four factors which would warrant granting an award of more than one third to the wife. These are a long period of marriage, complete lack of any separate estate in the wife coupled with her inability to support herself, low

award of permanent alimony, and breakup of marriage due to husband's wrongful conduct."

It would appear, therefore, that using these guidelines the award to Catherine Sholund was liberal. It also must be borne in mind that Catherine Sholund was the beneficiary of a trust valued at $36,000. While her present income therefrom was limited to $50 per month the corpus could be invaded with the consent of the trustees. The alimony payments are small, but they were no doubt awarded in view of her separate estate of $36,000 and a property division of almost $15,000. Under these circumstances we cannot say that the amount was so low as to constitute an abuse of discretion.

The defendant has presented a monthly budget of approximately $320. In view of her standard of living during her marriage, the present income of the husband of over $13,000 per year, and her continued need for medical care, it would appear to be a modest figure. However, the prognosis painted by the defendant's own physician in the summer of 1965 was by no means a gloomy one. While Catherine Sholund was not gainfully employed at the time of the order, her physician indicated that her objective should be some measure of self-support.

The income from her trust, the proceeds of the property division, and the present award of $75 would appear to sufficiently meet her needs as they appeared at the time of the order. Since we have concluded that the court did make an award of alimony, we conclude that it cannot now divest itself of the power to make future revisions and awards of alimony and its order should not be so construed. *Trowbridge v. Trowbridge, supra,* page 180. We conclude that the order of April 18, 1966, that "the plaintiff shall pay the sum of $75.00 per month alimony commencing the 1st day of November, 1965, and shall continue to make such payments for a period of nine months," was not intended to divest the court of

its power to award further alimony in view of changed circumstances. Such an order would be as much of a nullity as was the order of the court in *Trowbridge v. Trowbridge, supra,* which attempted to freeze alimony at a particular figure.

Although the court by its order has directed that alimony payments shall be reduced to an award of zero after nine months, such an award, like all other awards of alimony, is subject to revision from time to time in light of changed circumstances. The order setting alimony must, however, be judged on the basis of the facts as they existed at the time of hearing. So viewed, the award is adequate in light of the defendant's then existing needs and circumstances. We find no abuse of discretion in the award of alimony.

*By the Court.*—Order affirmed.