WETZEL, Respondent, v. WETZEL, Appellant.

*April 13—May 9, 1967.*

106

For the appellant there were briefs by *Ray T. McCann*, attorney, and *Leonard L. Loeb* of counsel, both of Milwaukee, and oral argument by *Mr. McCann*.

For the respondent there was a brief by *Burke & Schoetz* of Milwaukee, and oral argument by *John J. Burke*.

HALLOWS, J.  On this appeal the defendant does not quarrel with the granting of one third of the property to the plaintiff but contends the manner in which the one third is made available to the plaintiff is an abuse of discretion by the trial court primarily for two reasons: (1) The tax consequences to the defendant arising from the *in specie* division of assets was not considered by the court, and (2) the plaintiff should have no interest in the stock of the printing and realty companies, which are closed corporations.  The defendant further complains the trial court did not follow any of the recommendations of the family court commissioner and suggests an award of one third of the net estate of the parties should be made in cash or liquidable form payable absolutely over some reasonable period of time by the defendant.  And, if invested prudently the trust would have liquidity and produce an income of approximately $16,000 a year, which would adequately support the plaintiff in the manner to which she had become accustomed during marriage.  The proposal is claimed to be of an advantage to both the plaintiff and to the defendant

in that the defendant would not incur any tax liability on the division of the property because he could borrow to satisfy the liquidated amount awarded to the plaintiff and thus avoid a capital gains tax, and in addition the interest on the loan would actually be a tax deduction to him. He claims under the award as made in kind that he will be liable for approximately $75,000 in taxes based on the appreciation in the value of the assets to be transferred to the plaintiff over his cost basis under the rule of *United States v. Davis* (1962), 370 U. S. 65, 82 Sup. Ct. 1190, 8 L. Ed. (2d) 335. See also *Department of Taxation v. Siegman* (1964), 24 Wis. (2d) 92, 128 N. W. (2d) 658, where the court refused to follow the *Davis* rationale, but quaere if this case is applicable in view of recent legislative changes in Wisconsin income tax laws.

While there is some confusion in the record whether the family court commissioner was acting as a referee, hearing officer or court commissioner in making findings and recommendations, it is clear that no matter in what capacity the family court commissioner was acting, his findings and recommendations were not binding upon the trial court and no error or abuse of discretion can be predicated upon the court's failure to follow any of his recommendations.

While this court has approved an award of one third of the net estate as a starting point in the division of property, whether or not alimony is given in addition thereto, this court has not required the one-third share or any share of a division to be *in specie* or in kind and applicable to each item comprising the estate to be divided. In small estates it may be that such a division is the only possible division, but when there are sufficient assets as in the instant case it would seem that any form of joint control or ownership of assets by divorced persons should be avoided. The elimination of the source of strife and friction is to be sought and the financial

affairs of the divorced parties separated as far as possible. If the parties cannot get along as husband and wife it is not likely they will get along as partners in business. Especially in this case, because of the plaintiff's health, the defendant should be free in his business affairs from the interference of his wife whether she is represented by a trustee or not. We think therefore the plaintiff's share of the assets should not include the allocation to her of any shares of stock in the Wetzel Brothers Printing Company or the Wetzel Brothers Realty Company or in the debt due from the realty company to the defendant.

Aside from the tax problem, we think Mrs. Wetzel's share of the estate should consist of the home, household items other than those owned by the company and the items in the defendant's apartment, the investment portfolio, and her personal effects. We find no abuse of discretion in the trial court in granting alimony in addition to the division of property. The one-third rule of thumb is not inflexible and is neither a minimum nor a maximum or exclusive of alimony. It is a means to attain the rights of the parties under the mandate of sec. 247.26, Stats., which permits the allowance of alimony out of the property of the husband for the wife's support and maintenance and further provides for a division of property having due regard to the legal and equitable rights of each party, the ability of the husband, the special estate of the wife, the character and situation of the parties, and all the circumstances of the case. This mandate has resulted in the statement that the wife after the divorce is entitled to continue in the standard of living she enjoyed during coverture. *Radandt v. Radandt* (1966), 30 Wis. (2d) 108, 140 N. W. (2d) 293; *Tonjes v. Tonjes* (1964), 24 Wis. (2d) 120, 128 N. W. (2d) 446. This standard, of course, cannot be reached in every divorce case as there may not be sufficient assets or

income; however, that is not the problem in the instant case.

We find no abuse of discretion in the trial court's granting alimony in addition to the division of property. However, there is no requirement that the amount of property allocated to the plaintiff must produce income which together with her private income or alimony must exactly equal $16,000 per year. It may be contemplated in some cases where a substantial amount of assets is allocated to the wife for part of the principal to be used for her maintenance; this is but one element of many to be taken into consideration.

We think in making a division of property or in granting alimony or both that consideration should be given to the tax consequences. Disregarding the effect of taxes may result in an unrealistic and unjust result. We do not hold the trial court must adopt as a solution a method which produces the least amount of tax for the husband or for the wife, but in arriving at a determination of the business side of the divorce the tax impact is a consideration which permeates the whole process. 2A Nelson, Divorce and Annulment (2d ed.), ch. 18, p. 132 *et seq.;* 27A C. J. S., Divorce, p. 1043 and p. 1090, secs. 233 (1) and 236 (1). Whether the husband pays the tax or the wife pays the tax or whether it is shared in some manner is not the test. One may be allocated a larger share of the assets because the tax impact falls on him or less because the share is tax free. Likewise, the amount of alimony should be determined in reference to the fact it is deductible by the husband and taxable to the wife. How the arrangement or division works out in reality after taxes is a test of fairness.

We do not hold the trial court must accept the suggestions of the defendant or his method of making the property settlement. We do not say the tax considerations are controlling but that the court should be aware of the tax consequences of his rulings and take such conse-

quences of any proposed division into consideration in making its ruling. See Binder, Tax Aspects of Divorce and Separation, Vol. 4, No. 2, Wisconsin Continuing Legal Education (April, 1964), p. 65, 71; Bell, Tax Planning in Divorce, 20 Southwestern Law Journal (1966), 726, 733; O'Byrne, Escape from Holy Deadlock— Some Current Problems of Divorce, 45 Taxes (1967), 63, 64; Weinstock & Walzer, Tax Aspects of Divorce in Community Property and Noncommunity Property States, 42 Taxes (1964), 386; Tax Problems of Divorce and Separation, paper presented by Prof. Frank E. A. Sander before Family Law Section, State Bar Midwinter meeting, February, 1966.

The defense argues it was an abuse of discretion for the trial court to appoint an attorney for the plaintiff as trustee, but the basis of this argument hinges on the stock in the Wetzel companies being allocated to the plaintiff. Since this is not likely to happen, the question of who is a trustee becomes moot and of no interest to the defendant. We are asked by the plaintiff to strike certain exhibits referring to the mental condition of the plaintiff; while the printing of these exhibits was not necessary, we cannot say that printing them was a flagrant abuse of the rules or indicated an abuse of good faith under sec. (Rule) 251.38, Stats. Consequently, the matter complained of will not be stricken.

*By the Court.*—That part of the judgment appealed from is reversed and the matter sent back for further proceedings consistent with this opinion.