JOHNSON, Appellant, v. JOHNSON, Respondent.*

*November 29—December 22, 1967.*

---

* Motion for rehearing denied, without costs, on February 27, 1968.

304

For the appellant there were briefs by *Orr, Isaksen, Werner, Lathrop & Heaney* of Madison, and oral argument by *Donald L. Heaney.*

For the respondent there was a brief by *Hall & Griffith* of Madison, and oral argument by *Laurence W. Hall.*

HANLEY, J.

### 1. *Partial Division of Property.*

The present assets at the values found by the court and the disposition ordered are as follows: Marilyn was awarded the parties' joint savings account of $4,654.19, the proceeds in her personal checking account, a 1962 Oldsmobile car, the furniture and household goods of the parties, and her personal effects, none of which were valued by the court. Stanley was awarded stocks worth $11,474.34, two checking accounts totaling approximately $10,900, a 1964 Oldsmobile car and his personal effects, neither of which was valued by the court.

In addition, Stanley is the beneficiary under certain trust agreements, concerning which the trial court reserved distribution. A trust agreement was created by Stanley's grandmother with a New York bank in 1943 for the benefit of her seven grandchildren. Stanley is entitled to receive his share, a one-seventh portion, when he reaches age thirty-five and is presently entitled to

receive the income from his share. If he should die before he reaches age thirty-five, his issue succeed to his interest. The present value of his interest is $292,417.07. A trust agreement with the First National Bank of Madison was created by his grandfather's will providing that his two sons receive the income in equal shares during their lifetime and that upon the death of either, the children of the sons receive the father's share. Stanley's father is dead and his three children receive the father's share. Thus, Stanley is presently entitled to one-sixth of the income of this trust so long as his uncle lives. On the death of his uncle, the principal is to be divided equally among the seven grandchildren. Defendant's interest is presently valued at $317,170.45. Finally, there is an *inter vivos* trust created by Stanley's father and to which he willed most of his estate. Stanley's interest in this trust has been segregated; and the trustees are given discretion as to the amount of income and principal the trust pays to him. The trust is presently making payments of $1,000 monthly to the Dairy Equipment Company on account of a debt that Stanley owes. His present interest is valued at $667,463.99.

The total value of the trust interests is thus $1,277,-051.51. The total value of the property, excluding trust property which was assigned a value by the court, is $27,028.53.

Stanley had the following liabilities at the time of trial: A debt to the Dairy Equipment Company of $95,855; a debt to the Beverly Bank, Chicago, of $7,-802.51; and a car loan and other current bills of $1,700, for a total of $105,357.51.

Plaintiff's first contention on appeal is that the trial court erred in failing to divide the trust property in the original judgment. She concedes that in addition to having the power to make a final distribution of the estate of the husband and the estate of the wife derived from the husband at the time a divorce is granted, the

court also has the power to postpone division of the estate to a later date. What the court does not have the power to do, she contends, is to divide some of the estate at the time the divorce is granted and to reserve division of the rest until a later date. Under the facts and circumstances here, she believes the court should have made a final distribution of the entire estate at the time of the granting of the divorce.

Sec. 247.26, Stats., provides that a court granting a divorce may award alimony to the wife, an allowance to her for the support of the minor children committed to her custody and also provides that the court may also finally divide and distribute the estate of the husband and so much of the estate of the wife as has been derived from the husband. Sec. 247.32 provides as follows:

"**Revision of judgment.** After a judgment providing for alimony or other allowance for the wife and children, or either of them, or for the appointment of trustees as aforesaid the court may, from time to time, on the petition of either of the parties and upon notice to the family court commissioner, revise and alter such judgment respecting the amount of such alimony or allowance and the payment thereof, and also respecting the appropriation and payment of the principal and income of the property so held in trust, and may make any judgment respecting any of the said matters which such court might have made in the original action. But when a final division of the property shall have been made under s. 247.26 no other provisions shall be thereafter made for the wife."

The court has construed these statutes to allow a judgment to provide for both alimony and a final division of the estate and in that case to allow the provision for alimony to be revised from time to time after the estate division. But a judgment that provides for final distribution of the estate without making any provision for alimony cannot thereafter be modified to include alimony. *Sholund v. Sholund* (1967), 34 Wis. 2d

122, 148 N. W. 2d 726; *Trowbridge v. Trowbridge* (1962), 16 Wis. 2d 176, 114 N. W. 2d 129; *Anderson v. Anderson* (1959), 8 Wis. 2d 133, 98 N. W. 2d 434; *Gray v. Gray* (1942), 240 Wis. 285, 3 N. W. 2d 376. However, the Wisconsin Supreme Court has never been called upon to determine whether secs. 247.26 and 247.32, Stats., require the final division of the estate to be made all at once. In most cases reported on appeal, the judgment of divorce awards alimony and also finally divides the estate. But this has not always been the case. In *Sholund v. Sholund, supra,* the trial court's decision to partially divide the estate, while reserving the division of the parties' homestead until their youngest child is eighteen passed without comment by the supreme court. In *Dillon v. Dillon* (1943), 244 Wis. 122, 11 N. W. 2d 628, the entire estate division appears to have been reserved for future determination by the judgment of divorce. Appellant is not contending that the entire division must be made at the time of the divorce judgment but that when made, it cannot be made piecemeal.

Appellant relies on the word "finally" in sec. 247.26, Stats., which states in part as follows:

". . . The court may also finally divide and distribute the estate, both real and personal, of the husband, and so much of the estate of the wife as has been derived from the husband, between the parties and divest and transfer the title of any thereof accordingly, . . ."

Her thesis is that such estate is divided *finally* when no further act is necessary to divide any portion of the estate. Conceding for the purposes of discussion the correctness of her position, we submit the question whether the court is required to accomplish such division in one fell swoop or if it may proceed by a series of partial divisions is still left open by the language of the statute. We are of the opinion that "finally" as used in sec. 247.26 indicates that the title to the divided

estate vests indefeasibly in the spouse to whom it is awarded. See *Lally v. Lally* (1913), 152 Wis. 56, 61, 138 N. W. 651. The word is used to distinguish property division from alimony.[1]

Appellant's next contention is that on the facts of this case, it is an abuse of discretion not to have made a final division of the estate at the time of the judgment of divorce. The trial court in its memorandum opinion withheld disposition of the trust property until such time as the defendant is entitled to his share of the funds for the reason that only then can the value of the trust assets be ascertained.

Whereas alimony is a provision for the maintenance of the wife, *Luedke v. Luedke* (1934), 215 Wis. 303, 254 N. W. 525, the division of the estate is an adjustment of property rights and equities between the parties. Sec. 247.26, Stats., and *Brackob v. Brackob* (1952), 262 Wis. 202, 54 N. W. 2d 900. In addition, sec. 247.26 requires taking into consideration the ability of the husband, the special estate of the wife, the character and situation of the parties and all of the circumstances of the case. The court's appreciation of these factors is undoubtedly the greatest at the time the divorce is granted, for it is then when the trial judge's recollection of the entire matter is the best. Also, in *Sholund* and *Brackob* the court has held that absent special circumstances the date of the granting of the divorce is the proper time for the determination of the value of the estate for the purposes of a property division. Further, since the propriety of an alimony award is often viewed in relation to how much of the divisible estate the wife received, *Radandt v. Radandt* (1966), 30 Wis. 2d 108, 140 N. W. 2d 293; *Kronforst v. Kronforst* (1963), 21

---

[1] There is a line of cases involving the question whether periodic payments made to the wife are alimony or represent a final division of the estate. The cases turn on whether the right to payment is subject to contingencies. See *Anderson v. Anderson, supra,* and *Lally v. Lally, supra,* and cases cited therein.

Wis. 2d 54, 123 N. W. 2d 528, it is helpful to the supreme court when asked to review the trial court's decision to have the entire matter disposed of. Division of the property as early as possible would have the further advantage of the elimination of strife and friction which might result if successive applications to the court are needed to divide the trust property as it comes into the hands of the defendant. In *Wetzel v. Wetzel* (1967), 35 Wis. 2d 103, 108, 109, 150 N. W. 2d 482, the supreme court stated that the elimination of the source of strife and friction is to be sought and the affairs of the divorced parties separated as far as possible. We think that the better policy is to require division of the property, if there is to be such division, at the time of the granting of the divorce unless exceptional circumstances intervene.

We are of the opinion that the reason given by the trial court for delaying its decision on distribution cannot be sustained in the light of the decision in *Trowbridge v. Trowbridge, supra,* holding that a divorce judgment could properly order the transfer of a stated percentage of funds received by a defendant from the trust of which he is a beneficiary and contain other provisions to make the above provision effective. In that case the defendant-husband had an interest in a spendthrift trust established under his father's will. Defendant's mother, aged eighty at the time of the divorce, was entitled to the income so long as she lived and to withdraw up to $5,000 from principal in any year and the trustee bank was authorized to pay her out of the principal additional amounts it might deem necessary. Upon her death the defendant, if alive, would become immediately entitled to the payment of the entire principal and all undistributed income, and the trust would terminate. If he be then dead, the trust would continue for the benefit of his issue. The trust was being administered in Illinois. Here, Stanley had a present right to income in both the New York and Madison trusts. His interest in the

*inter vivos* trust, administered in Illinois, has been segregated and the trustees given discretion as to the amount of principal and income to be paid to the defendant. It is true that he has debts and that except for the trusts, he is insolvent. We do not mean to imply that a generous division of property ought to be made on behalf of plaintiff, but the *Trowbridge Case* indicates a possible method of division of trust assets, which we think should be followed here.

Absent special circumstances, a spouse should be entitled to a division of the property at the time of the divorce.

We believe that the judgment could properly order Stanley to transfer to Marilyn or her heirs, legatees, or assigns, a percentage of any funds received by him from the trusts and could provide for enforcement of payment by appropriate provision. We remand the case to give the trial court an opportunity to exercise its discretion as to a final division of the estate.

## 2. *Alimony and Support.*

Under the circumstances we do not consider at this time the trial court's discretion in setting the alimony and support awards and in decreeing the partial division of the estate. Additional income from the trusts may constitute a change of circumstances which would warrant reconsideration of the alimony award.

## 3. *Demand for Admission of Facts.*

On June 3, 1966, pursuant to sec. 889.22, Stats., the plaintiff Marilyn caused to be served on the defendant Stanley's attorney a demand for admission of facts requiring him to admit or refuse to admit that on repeated occasions he physically assaulted her, that he told her he did not love her, that at a certain time and place he

registered at a hotel with another woman, and that he, on more than one occasion, secretly associated with another woman. The defendant neither admitted nor denied such allegations, but on June 17, 1966, he withdrew his amended answer to the complaint and consented to plaintiff's proceeding upon the merits as on default, but reserved the right to be heard on matters pertaining to support, alimony, division of estate and attorneys' fees.

Relying on sec. 889.22 (3), Stats., the plaintiff demanded the trial court accept the alleged facts as true. Defendant objected on the ground that the merits of the divorce action were not being contested, that the issue of property division was before the court, and plaintiff contended the facts alleged had a bearing on that issue. The trial court refused to accept the facts in the demand as true, but instead gave the plaintiff an opportunity to prove whatever she might concerning the merits as they bear on the division of property. Plaintiff stood on the facts alleged in the demand. However, she did not move for a new trial or for review of the judgment on that ground.

In *Wells v. Dairyland Mut. Ins. Co.* (1957), 274 Wis. 505, 518, 80 N. W. 2d 380, the supreme court held that no error of the court should be reviewable as a matter of right on appeal without first moving in the trial court for a new trial bottomed on such error, if the error is of the category that the trial court could correct by granting a new trial. Since any error on the part of the trial court in failing to accept the truth of the facts alleged in the demand could be corrected by a new trial, we deem the error to be waived. Here, counsel for the plaintiff expressly waived the opportunity to present further evidence when he stated to the court:

". . . the Court has given us the opportunity to present further evidence on the matters contained in the

demand for admission of facts. We feel that the Court is fully apprised of the facts. We will not take the opportunity to put in that further evidence. . . ."

## 4. *Consideration of Facts Not of Record.*

At the time the motion for review was heard the court observed that facts come to a court's attention outside the record which do not enter into its consideration, that the court had known the parties and their families for years and had come into contact with the defendant, knew his nickname and was fully aware of his propensities and extracurricular activities. Plaintiff contends that the court's judgment was affected by such matters. It appears that the above facts would give the defendant more cause to complain than the plaintiff.

No motion for a new trial was made by the plaintiff upon the ground "the court had considered facts not in the record" in making the decision. We believe the plaintiff is precluded from raising that issue for the first time on appeal. *Wells v. Dairyland Mut. Ins. Co., supra.*

Plaintiff's counsel assumes that the award of $3,500 as a contribution toward plaintiff's attorneys' fees is a partial contribution of fees for services rendered to date of judgment. However, that portion of the judgment is not clear. We think the trial court can clarify that portion of the judgment upon completion of the further proceedings ordered in this matter.

*By the Court.*—Judgment reversed as to the division of estate and cause remanded for further proceedings consistent with the opinion. Order affirmed.

PER CURIAM (*on motion for rehearing*). In the court's opinion we declined to examine the claim of error that the trial court failed to consider those facts which the plaintiff demanded be admitted. We have reviewed the record and conclude that the plaintiff's objections were properly preserved although not incorporated in a specific motion.

*Wells v. Dairyland Mut. Ins. Co.* (1957), 274 Wis. 505, 518, 80 N. W. 2d 380, makes it clear that the error need not be specifically denominated as such in motion papers so long as the record shows that the error alleged was called to the trial court's attention by brief or oral argument. In the instant case the trial court was apprised of the claimed error and chose not to alter its ruling. While this was error and the facts sought to be admitted should have been allowed in evidence, we conclude that the error does not affect the results of the appeal.

The trial judge stated that he concluded that the defendant was entirely at fault. It is apparent that he made his decision upon this basis, and, of course, must now make the division of property bearing in mind the defendant's culpability, though not to the extent that the process of property division is used as a club to punish the offending spouse. *Spheeris v. Spheeris,* post, p. 497, 155 N. W. 2d 130.

Nor do we see that the plaintiff was harmed by the other errors alleged. The trial court indicated that the prior knowledge he had of the parties' conduct was unfavorable to the husband. Under this state of the record we see no reason why the plaintiff wife should complain, and no objection has been made by the husband.

The motion for rehearing is denied without costs.