IN RE the MARRIAGE OF
Andrew ROEDER, Petitioner-Respondent,

v.

Lucille ROEDER, Respondent-Appellant.†

Court of Appeals

*No. 80–1331. Argued April 28, 1981.—Decided June 10, 1981.*
(Also reported in 308 N.W.2d 904.)

† Petition to review denied.

For the respondent-appellant there was a brief and oral argument by *George E. Aumock* of *Lawton & Gates* of Madison.

For the petitioner-respondent there was a brief and oral argument by *Clarence G. Vande Zande* of Waupun.

Before Voss, P.J., Brown and Scott, JJ.

BROWN, J. Andrew Roeder, the respondent on appeal, died after an oral judgment of divorce but prior to the completion of evidence relating to the division of marital property. At a subsequent hearing, Mr. Roeder's counsel submitted appraisals of several items of property, and the court heard testimony from an appraiser. Lucille Roeder objected, arguing that the intervening death of Andrew had divested the family court of jurisdiction

over the property. She also moved the trial court to vacate the divorce, contending that Andrew's death prevented the divorce from becoming final and that no divorce may be granted unless the property division is completed. Lucille did not submit any appraisals at that hearing. The trial court took the matter under advisement. Several months later, the trial court issued a decision upholding the prior divorce decree and ordering a final property division. Lucille appeals. We affirm the judgment of divorce, but because Lucille was not afforded an opportunity to fully present her evidence regarding property values, we reverse the property division portion of the judgment and remand for a further hearing.

Andrew Roeder commenced this divorce action on September 5, 1978. A temporary order of support was issued by the family court commissioner on November 14, 1978. Trial was scheduled for March 16, 1979. The scheduling order recited that the "matter will be tried in its entirety" on that date. It was further ordered that both parties "secure all necessary appraisals or values relating to the assets owned severally or jointly by the parties, to exchange them if at all possible prior to trial, and to produce such evidence upon trial."

Both parties and the court attempted to expedite the proceedings because Mr. Roeder was suffering from terminal cancer. At the March 16 hearing, it became apparent that several items of property were not yet appraised by either party and that testimony could not be completed. Both the judge and counsel for Mrs. Roeder voiced concerns about possible prejudice if Mr. Roeder died before the matter was completed. However, neither party objected to the trial court's decision to grant the divorce immediately and put over the property division until April 4. That hearing was delayed because of the illness of the trial judge, and Mr. Roeder died on April 25.

On June 25, a hearing was held. The personal representative of Mr. Roeder's estate was not present. Counsel for Mr. Roeder submitted appraisals for the property items yet unvalued. Throughout this hearing, Mrs. Roeder, by motion, objected to the court's jurisdiction over the property. She did not specifically offer any valuation evidence on this date. However, both parties indicated on the record that an additional hearing may be required after the legal arguments raised by Mrs. Roeder were resolved.[1]

The trial court, after requesting briefs from counsel,[2] filed its decision on March 31, 1980. The trial court found that it did not lose jurisdiction as a result of Mr. Roeder's death since the divorce had already been granted at the conclusion of the March 16 hearing. The court refused to vacate the divorce since the intervening death made it impossible to restore the marital status of the parties, the sole effect of the proposed vacation. The court then went on to divide the marital property. No evidence beyond that submitted at the March 16 and June 25 hearings was before the court.

On appeal, Mrs. Roeder raises essentially the same arguments made to the trial court regarding its jurisdiction. First, she contends that under sec. 767.37 (2),

[1] For example, counsel for Mrs. Roeder stated:

"I am objecting to the Court proceeding or with the taking of testimony or evidence at this point in time because of lack of jurisdiction, and I am objecting to the exhibits with reference to the property either owned by the deceased or respondent at this point in time. . . ."

Counsel for Mr. Roeder responded as follows:

If the Court, after researching the law, found that from a technical standpoint the attorney for the estate or personal representative should be formally involved in this action, certainly another hearing would be necessary . . .

[2] No brief was ever filed on behalf of Mr. Roeder. The long delay between the hearing and ultimate decision is attributable in part to this failure to comply with the court's request.

Stats., if one party dies during the six months following the granting of a divorce, the trial court may vacate or modify its judgment. She argues that the trial court, because the property division had not yet been ordered, should have vacated the divorce. Alternatively, she argues that the death of a party within the six month period immediately voids the divorce judgment.

The pertinent portion of that subsection provides:

(2) So far as a judgment of divorce affects the marital status of the parties the court has the power to vacate or modify the judgment for sufficient cause shown, upon its own motion, or upon the application of both parties to the action, at any time within 6 months from the granting of such judgment. . . . If the judgment is vacated it shall restore the parties to the marital relation that existed before the granting of such judgment.

Mrs. Roeder relies on differences in the present statute and the language of the former statute, sec. 247.37, Stats. (1975). Prior to the 1977 revision of the Family Code, the statute read:

247.37 Effect of judgment of divorce. (1)(a) When a judgment of divorce is granted it shall not be effective so far as it affects the marital status of the parties until the expiration of 6 months from the date of the granting of such judgment, except that it shall immediately bar the parties from cohabitation together and except that it may be reviewed on appeal during said period. *But in case either party dies within said period, such judgment, unless vacated or reversed, shall be deemed to have entirely severed the marriage relation immediately before such death.* . . .

. . . .
(2) So far as said judgment affects the marital status of the parties the court has the power to vacate or modify the same for sufficient cause shown, upon its own motion, or upon the application of either party to the action, at any time within 6 months from the granting of such judgment, *provided both parties are then living.* . . . If the judgment is vacated it shall re-

store the parties to the marital relation that existed before the granting of such judgment. . . . [Emphasis added.]

Sec. 247.37, Stats. (1975). Mrs. Roeder argues that the deletion of the underscored language, which specifically finalized a judgment upon death, empowers the trial court, under present law, to alter its judgment if death occurs within six months.

The argument is not persuasive. Mrs. Roeder fails to address the significance of the third subsection of sec. 767.37, Stats., which reads:

(3) When a judgment of divorce is granted it shall be effective immediately except as provided in s. 765.03 (2). Every judge who grants a judgment of divorce shall inform the parties appearing in court that the judgment is effective immediately except as provided in s. 765.03(2).

Sec. 767.37(3), Stats.[3] The language deleted in the revision, rendering a divorce final upon death, is covered within the broad language of subsection (3). The provision for "interlocutory" decrees was omitted in the revised statute. Since there was no longer a six month interlocutory period, there was no need in sec. 767.37, Stats., for a provision finalizing a divorce upon death. The difference in statutory language does not lead to the broad conclusion that Mrs. Roeder urges.

The second argument raised by Mrs. Roeder focuses on sec. 767.07, Stats. That statute reads:

A court of competent jurisdiction shall grant a judgment of divorce or legal separation if:

---

[3] The exception noted in the subsection refers to the statutory six month waiting period before a divorced person may remarry. Section 765.03(2), Stats., does not affect the finality of the divorce judgment.

(1) The requirements of this chapter as to residence and marriage assessment counseling have been complied with;

(2) The court finds that the marriage is irretrievably broken under s. 767.12(2); and

(3) To the extent it has jurisdiction to do so, the court has considered, approved or made provision for child custody, the support of any child of the marriage entitled to support, the maintenance of either spouse, the support of the family under s. 767.261 and the disposition of property.

Mrs. Roeder contends that all three items enumerated in the statute must be completed before a court is empowered to grant a divorce. Essentially, she argues that sec. 767.07, Stats., is a jurisdictional statute. She continues that since no final provision for property division was made, the court was powerless to grant the divorce.

We disagree. Section 767.07, Stats., sets forth the factual underpinnings to a judgment of divorce. It directs a trial court that if subsections one through three are met, it *"shall* grant a judgment of divorce." Thus, upon the requisite factual findings, the trial court *is obligated* to grant the divorce. This result should be contrasted with the prior law which stated, "A divorce, . . . *may be adjudged* for any of the following causes: . . . ." Sec. 247.07, Stats. (1975). Formerly, *any* judgment of divorce rested within the discretion of the trial court. Section 767.07, Stats., removed that discretion.

The statute does not constitute a jurisdictional statute. The statement that "if A, B and C are present, a court shall grant a divorce" is an entirely different matter from "the court cannot grant a divorce *unless* A, B and C are present." It is the latter reading of sec. 767.07, Stats., which Mrs. Roeder favors. The clear language of the statute supports the former reading.

The third issue on appeal is whether a divorce may be

granted prior to a final disposition of the property division. We hold that it may, but specifically disapprove of the procedure used by this trial court. In this case, the judgment of divorce was orally rendered before the completion of testimony. Although both parties had testified to the irretrievable breakdown of the marriage, it is clear that testimony on property values was not completed. We feel the far better practice is to withhold the granting of a divorce until all evidence relevant to any issue in the case is completed. The trial court may then, from the bench, adjudge the parties divorced and take other issues such as maintenance, child support and custody and property division under advisement. The trial court may then take the time necessary to render a fair and equitable decision. The judgment of divorce, however, is effective immediately.

Mrs. Roeder's argument was specifically rejected in *Czaicki v. Czaicki,* 73 Wis.2d 9, 242 N.W.2d 214 (1976), where the supreme court stated: "Nor do we find substance to appellant's contention that a property division must be made at the time a divorce is granted. Reliance is upon *Johnson v. Johnson.* Such reliance is misplaced." *Id.* at 21–22, 242 N.W.2d at 220 (footnote omitted). *Johnson v. Johnson,* 37 Wis.2d 302, 155 N.W.2d 111 (1967), held that "absent special circumstances the date of the granting of the divorce is the proper time for the *determination of the value of the estate* for the purposes of a property division." *Id.* at 310, 155 N.W.2d at 114 (emphasis added). Property values are dated from the date of judgment of divorce. *Johnson* does not, however, require a final division of the estate on the date of the judgment of divorce.

We do not intend by this opinion to condone long time periods between an oral judgment of divorce and the final judgment decisive of the entire case. However, a trial court should be free to take the time necessary to

adequately consider the issues after it has before it all the information needed for its determination. The failure of the trial court in this case to have all evidence relevant to the property division does not void the divorce judgment. However, because of the unique facts in this case, it is necessary to reverse that portion of the final judgment relating to the property division and remand for further proceedings.

This remand stems, in part, from the final issue raised by Mrs. Roeder. She argues that, upon Mr. Roeder's death, sole jurisdiction over the marital property vested in the probate court. This contention rests upon her earlier argument that the divorce granted on March 16 must be vacated. However, we do not accept Mrs. Roeder's argument that the final property division must be concurrent with an order of divorce. The oral judgment of divorce was valid. The divorce action did not abate upon Mr. Roeder's death. The trial court did have jurisdiction to dispose of the marital property.

In most cases, a divorce action will involve a property division by the court. Section 767.01(1), Stats., states in part:

The circuit courts have jurisdiction of all actions affecting the family and have authority to do all acts and things necessary and proper in such actions and to carry their orders and judgments into execution as prescribed in this chapter.

Family court jurisdiction continues until the final court-ordered disposition of the marital property. *Yelk v. Yelk*, 20 Wis.2d 35, 41, 121 N.W.2d 225, 228 (1963). The probate court in the county of domicile obtains jurisdiction over a decedent's estate. Sec. 856.01, Stats.[4] The probate court may exercise jurisdiction over the

---

[4] Section 856.01, Stats., reads:

**856.01 Jurisdiction.** The jurisdiction of a proceeding for administration of a decedent's estate is as follows:

decedent's property regardless of possession to that extent "necessary for the complete administration of the estate." *In re Estate of Corey,* 73 Wis.2d 644, 648, 245 N.W.2d 902, 904 (1976).

Therefore, the probate and family courts had concurrent jurisdiction over the disposition of Andrew Roeder's property. The issue then becomes whether it was an abuse of discretion on the part of the family court to exercise that jurisdiction by ordering the final property division. To determine that question, we must consider which court was the more appropriate forum given the present facts. *Morrissette v. Morrissette,* 99 Wis.2d 467, 471, 299 N.W.2d 590, 593 (Ct. App. 1980). We conclude it was not an abuse of discretion for the family court to retain jurisdiction over the marital property. The parties had stipulated to many of the property values including the real estate. The sole remaining unappraised assets were several items of personal property of Mr. Roeder. The parties had agreed to submit appraisals to the court. Little additional information was needed for the court to total the marital estate and divide the property. As in *Morrissette,* the family court "possessed both the statuory jurisdiction and the factual background of the divorce judgment." *Id.* Marital property awarded to Mr. Roeder would then go to his estate for further distribution in the probate proceedings.

The probate court, on the other hand, was not in a position, on June 25, 1979, to deal with the property. The probate proceedings had not yet begun. No personal

---

(1) If the decedent was domiciled in this state, in the county in this state where the decedent had his domicile at the time of his death.

(2) If the decedent had no domicile in this state, in any county in this state where property of the decedent is located, and the court which first exercises jurisdiction under this subsection has exclusive jurisdiction.

representative had been appointed to act for the estate. There was no compelling reason to leave the property in a state of flux while the probate matter progressed.

Although we hold the family court did not abuse its discretion by *retaining* jurisdiction over the marital estate, we do conclude that under the facts of this case, the court erred in ordering a division without affording Mrs. Roeder sufficient opportunity to present any evidence. At the June 25 hearing, appraisals and testimony were offered by Mr. Roeder's counsel. Mrs. Roeder objected to the court's jurisdiction. Because her continuing objection went to the essence of the court's ability to hear the matter, she did not, at that time, present her evidence relating to the property. We feel the trial court erred in issuing its final order without affording Mrs. Roeder an opportunity to submit her evidence at an additional hearing. Accordingly, we affirm that portion of the judgment ordering a final divorce but reverse that portion which divided the marital property and remand to the trial court for further proceedings not inconsistent with this opinion.

*By the Court.*—Judgment affirmed in part; reversed in part and remanded.