SCHNEIDER, Appellant, v. SCHNEIDER, Respondent.

*November 28—December 29, 1961.*

246.

For the appellant there was a brief by *Phillips, Phillips, Hoffman & Lay* of Milwaukee, and oral argument by *Bertram J. Hoffman.*

For the respondent the cause was submitted on the brief of *Jos. F. Studnicka* of Milwaukee.

FAIRCHILD, J.   The division of property in a divorce case is peculiarly within the discretion of the trial court. An award of one third to the wife is a proper starting point, but this amount may be increased or decreased according to special circumstances.[1]

In this case the wife is in ill-health, unable to work, and will be required to devote a substantial portion of time to raising the two children. Although Frank supported Helen's older son during his minority, she was periodically employed and her earnings must have helped to some extent. The divorce was awarded to her. Although it is true that she

[1] *Antholt v. Antholt* (1959), 6 Wis. (2d) 586, 588, 95 N. W. (2d) 224; *Caldwell v. Caldwell* (1958), 5 Wis. (2d) 146, 160, 92 N. W. (2d) 356.

was awarded alimony, our review of the record discloses no substantial reason why she should receive so much less than one third of the estate as she was given.

Frank's counsel relies in part on Helen's answer to a particular question indicating that she was not so much interested in getting the money for herself, as in preventing Frank from spending it for drink while she had to raise the children. The circuit court gave no indication that it placed great weight on this answer, and we do not view it in the nature of a waiver or stipulation.

We have held that, although a husband's interest in a retirement fund cannot be divided between the parties, its value should be taken into account in making a division of estate.[2] If Frank's interest in the profit-sharing trust were taken into consideration at $5,000, the amount on deposit, the value of the property awarded to Helen would be only 17 per cent of the total estate. Leaving the profit-sharing trust out of account, the award to her is still only 26 per cent of the total estate.

If Helen were awarded the entire bank account except for the $2,000 to be held by the clerk and the $600 to be paid to the attorneys, she would receive about 31 per cent or less than one third of the total value if the interest in the profit-sharing trust be included at $5,000. Doubtless the interest in the trust should be valued at a little less than that because Frank cannot withdraw the money at will. This addition to the award to Helen seems fair if it be also determined that Frank will ultimately receive the $2,000 to be held by the clerk if not needed to fulfil his obligation to pay support money. No argument has been made on behalf of Frank that the court's arrangements to secure payment of support money were improper.

[2] *Schafer v. Schafer* (1958), 3 Wis. (2d) 166, 170, 87 N. W. (2d) 803.

*By the Court.*—The part of the judgment disposing of the savings account in the City Bank & Trust Company is modified so that the sum of $2,000 previously awarded to defendant will be awarded to plaintiff in addition to the other sums awarded her, and so that the defendant shall have the right when his obligation to pay support money terminates to receive the entire $2,000 fund, or balance thereof, ordered to be held by the clerk of circuit court. As so modified, the judgment is affirmed.