HIRTH, Respondent, v. HIRTH, Appellant.

*No. 187. Argued October 7, 1970.—Decided November 3, 1970.*
(Also reported in 180 N. W. 2d 601.)

For the appellant there was a brief by *Ruppa & Wegner* of Milwaukee, and oral argument by *Nathan Ruppa*.

For the respondent there was a brief by *McDonald, Purcell, Piper & Boettcher* of Madison, and oral argument by *Pierce T. Purcell*.

ROBERT W. HANSEN, J.   Issues are here raised to two related orders of a trial court in an action for legal separation: (1) The order awarding alimony to the wife; and (2) the order requiring the husband to contribute to payment of the wife's attorney's fees. Relatedness derives from the fact that both orders require and rest upon specific trial court findings of fact establishing: (1) The need of the wife; and (2) the ability to pay of the husband. Here the trial court made detailed findings as to facts established and factors considered in determining (1) need, and (2) ability to pay, and justifying the orders entered.

*Needs of the wife.*

Facts found relevant to the test of need of the wife, and, therefore, factors properly considered by the trial court, included:

*Assets of wife.* The total financial resources or assets owned by the wife are material on the issue of her needs. Here the trial court found that the wife had a "separate estate" of $11,408 in July of 1968, a modest enough "nest egg" or reserve for emergencies.

*Income of wife.* Important to any finding of need on the part of the wife is her separate income and earning capacity. Here the trial court found that the wife had no regular income except "nominal stock dividends."

*Age and health.* The age and physical and mental health of the wife has relevance to the possibility of her entering or re-entering the employment market. Additionally, health can involve required and continuing medical, surgical or dental expenses. Here the wife is now sixty-six years of age. There is no indication of special health problems.

*Length of marriage.* Payments for wife maintenance are not reparations for years spent as spouse. However, the length of the marriage can affect employability, and does reflect the established standard and mode of living of the parties. Here the wife was a full-time housewife during the marriage. The parties were married in 1927.

*Station in life.* The mode and standard of living of the parties during their marriage is one, but only one, of the factors that may be considered by the court. This is not to imply any entitlement of the wife to live, after divorce or separation, at same socioeconomic level that marked the years of living together. Ordinarily this is not possible. Whether or not two can live as cheaply as one, two persons living under two roofs cannot live as well as the same two persons living under one roof. Court concern must be given to entitling both to live separately as reasonably well as is possible under the circumstances. Here the court referred only to the "station in life" of the wife, but it is evident that the court concern was with the standard of living of both parties, not the wife alone.

*Ability to pay of husband.*

Facts found and factors considered in determining the ability to pay of the husband included:

*Assets of husband.* The financial resources and assets of the husband have an obvious relatedness to his ability

to make payments of alimony. Here the trial court found that the husband owned property as follows: (1) 94 percent of the stock of Harold Hirth, Inc., the corporation's net worth being $49,500; (2) real estate in Prospect Heights, Illinois, valued at $43,000, subject to a mortgage of $3,400, the wife claiming a joint interest therein; (3) real estate in Cornucopia, Wisconsin, valued at $47,300, the wife claiming a joint interest therein; (4) life-insurance of undetermined cash surrender value; (5) $8,000 loans receivable.

*Income of husband.* Income of every kind from any source is a basic factor in establishing ability to pay. Here the trial court found that the husband's 1968 income was $13,455.16, including net rents from the Prospect Heights property. This finding is sharply disputed, but it appears that the husband considers not a part of his annual income his right to use without cost to him (under an arrangement with his own company) an apartment in Marina Towers, Chicago, Illinois; and the Cadillac automobile and food and travel expenses furnished to him by his own company. The trial court finding is affirmed. Income as applicable to ability to pay is to be defined as including all income, including cash equivalences and benefits accruing to him from any source. It is not limited to the salary check that is paid to him by his corporation.

*Debts of husband.* Debts and obligations of the husband are a factor that must be taken into consideration in determining ability to pay. Here the trial court found obligations of the husband to be, in addition to the $3,400 mortgage, a total amount of $19,500. That finding is challenged. There appears merit to the challenge, but, even accepting the husband's claim of greater indebtedness than found by the trial court, the variance does not here require modification or reversal of the orders entered.

*Age and health of husband.* The age and health of the husband do not alter the amount of his present net worth or net income, but might be material on an issue raised as to earning capacity. The factor of future retirement is a bridge to be crossed when the contingency occurs. Reduced income due to retirement is a changed circumstance requiring review and justifying reduction in payments ordered. Here the husband is sixty-eight years of age, presently employed, and the court found that the amount he presently earns represents his "present earning capacity."

*Presence of children.* The presence or absence of children of the marriage can bear a relationship to ability to pay, as well as to the needs of the wife. It is true that child support payments are separate and separable from alimony payments. However, the fact that a husband-father is awarded custody of minor children or obligated to make continuing payments for their support bears a direct relationship to his ability to pay alimony. Likewise, where the wife-mother is custodian of minor children, particularly those of tender years, this fact may affect the desirability of her seeking employment away from the home. Where children have been reared, the availability or existence of assistance from them to either or both parents would affect both need and ability to pay. The absence of children of the marriage removes these possibilities from the situation. Here the parties had no children.

*Order for wife maintenance.*

Based on the facts found and the factors properly considered as relevant, the trial court ordered the husband to pay to his wife in her action for legal separation as and for alimony, the sum of $420 per month. We need not cite cases establishing this to be an area of broad trial court discretion, with the trial court determination to

stand unless there has been a clear want of judicial discretion or judgment. Here the facts found and factors considered establish a firm foundation for the propriety and reasonableness of the order entered.

*Contribution to attorney.*

Also challenged on this appeal is the trial court order directing the husband to pay the sum of $950 as a contribution to his wife's attorney's fees. The test as to whether any such contribution can be ordered, and in what amount, is exactly the same as for alimony payments: (1) The need of the wife; and (2) the ability to pay of the husband. In Wisconsin, it is when, and only when, the needs of the wife require and the ability to pay of the husband permits that a husband may be required to contribute to the cost of legal services performed on behalf of his wife. *Dees v. Dees* (1969), 41 Wis. 2d 435, 164 N. W. 2d 282. The justification for such contribution being ordered is not in biological differences between sexes. It is not founded on being either plaintiff or defendant in the action. It derives solely, and must be founded, on specific court findings, sustained by the record, that, established the need of the wife and the ability to pay of the husband. Where the wife is able to pay her own attorney out of income or assets, or where the husband does not have the ability to pay such contribution, there is no basis in law or in equity for requiring a husband to contribute towards payment of a fee owed by his wife to her counsel.

Here the clear and detailed findings of fact made by the trial court apply on the issue of contribution to attorney's fee as well as on the question of alimony. They clearly establish both the need of the wife and the ability to pay of the husband. Particularly where the contribution ordered is the only one ordered in this case from its beginning, covering proceedings over a number of years,

and including the representation of the wife on this appeal brought by the husband, we have no hesitancy in finding the contribution of $950 to be entirely reasonable.

*By the Court.*—Order affirmed.