BUSSEWITZ, Plaintiff-Respondent, v. BUSSEWITZ, Defendant-Appellant.

*No. 75–206. Submitted on briefs December 2, 1976.*
*—Decided January 6, 1977.*
(Also reported in 248 N. W. 2d 417.)

For the appellant the cause was submitted on the brief of *Kondos & Kondos* of Milwaukee.

For the respondent the cause was submitted on the brief of *Leonard G. Adent* of Waukesha.

CONNOR T. HANSEN, J. The issues presented for our consideration all relate to the property division as ultimately set forth in the judgment of divorce.

The plaintiff and defendant were married on July 3, 1965. The judgment of divorce was entered September 27, 1974. Both parties had been previously married and both had children by their prior marriages. At the time of the marriage, the plaintiff was thirty-eight years of age, and the defendant was fifty years of age. They were married nine years. Dean Brian Bussewitz, a minor child, born November 10, 1966, was the only issue of the marriage.

The defendant continued to work after the marriage as a tool and die maker at the A. O. Smith Company. During the term of the marriage, he was employed continuously and provided the majority of support for the parties. At the time of the divorce, his net income was approximately $783 per month. The plaintiff was em-

ployed for three and one-half months during the marriage as a spark plug inspector at the A. C. Spark Plug Company. Shortly after the marriage, she terminated her employment in order to care for the parties' child. The plaintiff received approximately $150 per month social security payments for the support of a minor child by her previous marriage. From that income, she was able to repay in full approximately $3,000–$4,000 worth of liabilities which she had incurred prior to the marriage.

Sometime prior to the divorce, the plaintiff had an intestinal bypass medical operation. She was hospitalized for three months and incurred, and continues to incur, medical expenses as a result of the operation. Up to the time of the divorce, most medical expenses were paid by the defendant's insurance.

The divorce action was commenced by the plaintiff. The trial court awarded a judgment of absolute divorce to the plaintiff on the grounds of cruel and inhuman treatment. In accordance with a previous stipulation of the parties, the trial court awarded custody of the parties' minor child to the plaintiff. As to alimony, child support, property division and other awards, the trial court ordered, adjudged and decreed the following:

(1) That the defendant pay the sum of $100 per month for three years as limited alimony to the plaintiff.

(2) That the defendant pay the sum of $100 per month as and for support of the minor child for three years after which support shall be increased to $125 per month until the child reaches the age of eighteen.

(3) That the defendant be responsible for all bills and financial obligations of the parties up to July 11, 1974.

(4) That the plaintiff be awarded all furniture, furnishings and personal effects in her possession, including a 1964 Chrysler.

(5) That the defendant be awarded all personal property belongings and effects in his possession, including a 1968 Dodge.

(6) That the defendant pay as contribution toward the plaintiff's attorney's fees, $235.

(7) That the defendant maintain life and medical insurance policies for himself and for the benefit of the minor child.

(8) That the defendant be awarded a 19-foot house trailer purchased in 1971 for $2,300; the proceeds of a loan made to his son, Michael, in the amount of $3,000; and 7½ acres of unimproved land in Crivitz, Wisconsin, purchased in 1956, for $875.

(9) That the defendant be awarded stocks and bonds held jointly by the parties totalling $4,071.78, at the time of the divorce.

(10) That the defendant pay to the plaintiff the sum of $4,500 cash.

(11) That the plaintiff be awarded the family home located at 12734 West Hampton avenue, Butler, Wisconsin.

(12) That the defendant pay back taxes on the home.

Two issues are presented on this appeal:

1. Whether, under all the circumstances, the property division and awards were excessive in favor of the plaintiff and hence constituted an abuse of discretion on the part of the trial court?

2. Whether, under all the circumstances, the failure to make findings of fact as to the value of major assets before making the property division constituted an abuse of discretion on the part of the trial court?

## PROPERTY DIVISION AND AWARDS.

The defendant does not challenge all portions of the judgment dealing with property division and awards. He

confines this appeal to a consideration of the major assets of the parties, *i.e.*, the homestead, 7½ acres of land, the 19-foot house trailer, the bonds, $4,500 cash, and the $3,000 loan; to the awards of limited alimony, child support, attorney fee contribution, and to the order that the defendant pay back taxes on the homestead.

The defendant erroneously places all of the above in the category of property division; assigns arbitrary values to the homestead, 7½ acres of land and trailer; and arrives at the conclusion that the trial court awarded the plaintiff ". . . approximately 70% of the marital estate . . . ." It is based on that 70 percent figure that the defendant argues excessiveness. We would first observe that alimony, child support and attorney fee contribution, under these circumstances cannot properly be considered as part of the property division of the marital estate. Generally, such obligations are in the nature of support and maintenance and not a portion of the marital estate. *Sholund v. Sholund,* 34 Wis.2d 122, 130, 148 N.W.2d 726 (1967) ; *Luedke v. Luedke,* 215 Wis. 303, 305, 254 N.W. 525 (1934). They arise as a result of the marital relationship, are generally subject to change or modification, and as a generalization are fixed on the basis of the needs of the wife and children and the ability of the husband to pay. *Balaam v. Balaam,* 52 Wis.2d 20, 25, 187 N.W.2d 867 (1971) ; *Hirth v. Hirth,* 48 Wis.2d 491, 493, 180 N.W.2d 601 (1970). Such obligations continue after the termination of the marriage. *Radandt v. Radandt,* 30 Wis.2d 108, 112, 140 N.W.2d 293 (1966) ; *Tonjes v. Tonjes,* 24 Wis.2d 120, 125, 128 N.W.2d 446 (1964). Property division on the other hand is a one-time or final disposition. *Johnson v. Johnson,* 37 Wis.2d 302, 309, 310, 155 N.W.2d 111, 156 N.W.2d 492 (1967). A property division is the fair, equitable and just division of the marital estate, or assets of the parties as they exist at the time of the divorce. That is, the assets which

the parties brought into the marriage and/or acquired during the marriage. The former obligations are not a part of that marital estate. While the defendant may challenge as excessive the amounts awarded for alimony, child support, and attorney's fees, such awards are not necessarily included in a computation of the net marital estate.

At the trial, the parties presented meager evidence, at best, as to the value of the homestead, the 7½ acres of Crivitz land, or the 19-foot house trailer. The defendant's "good faith estimations" as to the valuation of these properties as advanced for the first time on this appeal, find no support in the record. Therefore, they cannot properly be considered on appeal.

Also the 70 percent figure referred to by the defendant on this appeal as being the percentage of the marital estate awarded to the plaintiff, is based in part upon the erroneous inclusion of limited alimony, child support and attorney fee contribution and upon the estimates of asset values which are not supported by evidence introduced at trial. However, this does not preclude this court's review of the divorce judgment based upon the record made by the parties at the time of the trial.

■ ■ *Property Division:* This court has long held that the division of property is within the sound discretion of the trial court and will not be disturbed unless an abuse of discretion is shown. *Greco v. Greco,* 73 Wis. 2d 220, 243 N.W.2d 465 (1976); *Czaicki v. Czaicki,* 73 Wis.2d 9, 242 N.W.2d 214 (1976); *Parsons v. Parsons,* 68 Wis.2d 744, 229 N.W.2d 629 (1975); *Markham v. Markham,* 65 Wis.2d 735, 223 N.W.2d 616 (1974); *Leeder v. Leeder,* 46 Wis.2d 464, 175 N.W.2d 262 (1970). An abuse of discretion arises when the trial court has made a mistake or error with respect to the facts upon which the division was made, or when the division itself was, under the circumstances, either excessive or in-

adequate. *Greco, supra,* 228, 229; *Anderson v. Anderson,* 72 Wis.2d 631, 638, 242 N.W.2d 165 (1976); *Parsons, supra,* 750; *Leeder, supra,* 468, 469; *Lindahl v. Lindahl,* 19 Wis.2d 379, 380, 120 N.W.2d 142, 121 N.W.2d 286 (1963).

The defendant here asserts that the property division was excessive in favor of the plaintiff. Because the trial court failed to value the entire net marital estate, it is impossible to reduce the property award to percentages as the defendant has attempted to do in his brief. A reduction to percentages awarded to the plaintiff and defendant is not necessary, however, in order to review the award of the trial court in this instance.

Prior to this court's decision in *Lacey v. Lacey,* 45 Wis.2d 378, 173 N.W.2d 142 (1970), a property division of one-third of the net marital estate was usually considered an appropriate award to a wife and it would be varied only if extraordinary circumstances called for a greater or lesser award. *Jordan v. Jordan,* 44 Wis.2d 471, 171 N.W.2d 385 (1969); *Radandt, supra; Kronforst v. Kronforst,* 21 Wis.2d 54, 123 N.W.2d 528 (1963); *Schneider v. Schneider,* 15 Wis.2d 245, 112 N.W.2d 584 (1961); *Manske v. Manske,* 6 Wis.2d 605, 95 N.W.2d 401 (1959).

The one-third approach to the division of marital estates in divorce actions was derived from a statement of this court in *Gauger v. Gauger,* 157 Wis. 630, 633, 147 N.W. 1075 (1914):

". . . Except in some extraordinary circumstances, the maximum for the wife is one half. That may be reduced to one third or even less. . . . The general level to start from is one third. Since the early suggestive guide in respect to the matter, it has been pretty well established that a clear third of the whole is a liberal allowance to the wife, subject to be increased or decreased according to special circumstances. . . ."

Interpreting the above statement in *Lacey, supra,* this court stated at p. 382:

". . . We do not read the quote as establishing an exact formula or mandatory measuring stick for property division in divorce cases. We find in the full quotation a clear recognition that the formula to be followed in a particular case depends upon and derives from the material facts and factors present in such case. . . .

"Even in its entirety, the 1914 fountainhead decision seems to us now to stress the starting point too much, the finishing point too little. It is the equitableness of the result reached that must stand the test of fairness on review. . . ."

Thus, this court in *Lacey, supra,* specifically rejected any strict formula of proper apportionment of property and emphasized that each case must be decided upon the material facts and factors present therein. *Tesch v. Tesch,* 63 Wis.2d 320, 327, 217 N.W.2d 647 (1974); *Shetney v. Shetney,* 49 Wis.2d 26, 31, 181 N.W.2d 516 (1970).

This court in *Lacey, supra,* at p. 383, further set out some of the factors to be considered in the division of the marital estate:

". . . Whatever is material and relevant in establishing a fair and equitable basis for division of the property of the parties may be considered. Such relevant factors certainly include the length of the marriage, the age and health of the parties, their ability to support themselves, liability for debts or support of children, general circumstances, including grievous misconduct, although a division is not a penalty imposed for fault. Whether the property award is in lieu of or in addition to alimony payments is a material factor. Whether the property was acquired during the marriage or brought to the marriage makes a difference. Since the Wisconsin statute provides that separate property of the wife, possessed by her before the marriage or acquired solely by her efforts, is to be awarded to her, the amount of such separate estate is a proper factor to consider in determining how much

of the husband's or marital property is also to be awarded to her. . . ."

The substance of the above quote from the *Lacey* opinion is now codified in sec. 247.26, Stats.[1]

The defendant contends that the fact that the homestead, the 7½ acres of land, and between \$2,400–\$3,000 of the bonds, were wholly owned and fully paid for by the defendant prior to entering the marriage, coupled with the fact that the defendant and not the plaintiff provided the majority of support during the term of the marriage, both operate to show that the division was excessive in favor of the plaintiff.

■ We are not persuaded by this argument. Under *Lacey, supra,* and the provisions of sec. 247.26, Stats., the defendant's ownership of assets prior to the marriage is only *one* of the considerations determinative of the final property division. Also, in dividing property upon divorce, the contribution of a full time homemaker housewife may be considered greater than, or at least as great as, that of a working wife. *Lacey, supra,* 383. The fact that defendant worked while the plaintiff cared for the home and children has little bearing on the outcome of the property division if marriage is to be viewed as a "partnership" wherein both parties contribute of their respective abilities to the acquisition and preservation of marital assets. *Lacey, supra,* 382; *Kunde v. Kunde,* 52 Wis.2d 559, 562, 191 N.W.2d 41 (1971).

[1] Sec. 247.26, Stats., reads in part:

". . . The court may also finally divide and distribute the estate, both real and personal, of either party between the parties and divest and transfer the title of any thereof accordingly, after having given due regard to the legal and equitable rights of each party, the length of the marriage, the age and health of the parties, the liability of either party for debts or support of children, their respective abilities and estates, whether the property award is in lieu of or in addition to alimony, the character and situation of the parties and all the circumstances of the case; . . ."

The record shows that one of the principal concerns of the trial court in making the property division was the welfare of the minor child. It is not necessary that the trial court consider and discuss each and every one of the factors set forth in the *Lacey Case. Markham, supra,* 549; *Tesch, supra,* 328; *Vier v. Vier,* 62 Wis.2d 636, 639, 215 N.W.2d 432 (1974). The weight and effect of the various considerations which enter into the division of the estate is for the trier of fact to determine. *Strandberg v. Strandberg,* 33 Wis.2d 204, 210, 147 N.W.2d 349 (1967). In its order and decision, the trial court stated:

"THE COURT: Well, there's one thing that we got to watch out for; for the benefit of both parties, and that is that this 7 year old child of the parties has a good, safe home and an opportunity for any care or education that will bring the child out safely into society when he reaches adulthood. So, that some of the provisions made here is what will accomplish that fact for both parties. . . ."

Thus, one of the provisions of the judgment awarded the house to the plaintiff. Previous testimony had indicated that the house was in a state of ill repair. In its written decision, the trial court stated:

". . . The house here, which the plaintiff and the son of the parties would reside, is in from all aspects in poor condition and certainly requires expenditure. In addition to payment of taxes to whoever it is awarded, and there has to be funds available for instance if it's awarded to the plaintiff, to get that house and keep it in a fit shape for this child whom we're all interested in and whose interest is from all divorce cases always respected and watched out for. . . ."

The trial court then ordered the defendant to pay the back taxes and to pay the plaintiff the sum of $4,500, presumably to be used to repair the house.

All other major assets, including the 7½ acres of land, the 19-foot house trailer, $4,071 worth of bonds, and a $3,000 debt which the court held to be collectible, were

awarded to the defendant. Furthermore, in its written decision, the trial court awarded the defendant all interest in his pension plan, an obviously valuable asset. *Pinkowski v. Pinkowski,* 67 Wis.2d 176, 226 N.W.2d 518 (1975).

One need not precisely establish the values of each of the assets to arrive at the conclusion that the property division, under these circumstances, was not excessively in favor of the plaintiff. As to the property division, the plaintiff here received the house, the payment of back taxes to secure its title and the payment of funds to enable her to make it a fit place to live. In previous cases, where the wife has similarly been granted custody of minor children, this court has held that the award of the family home to the wife is practically compelled by the circumstances. *Morris v. Morris,* 13 Wis.2d 92, 97, 108 N.W.2d 124 (1961) ; *Mentzel v. Mentzel,* 4 Wis.2d 584, 590, 91 N.W.2d 101 (1958) ; *Burg v. Burg,* 1 Wis.2d 419, 422, 85 N.W.2d 356 (1957). In *Burg, supra,* 422, this court stated :

"We consider the allowance to the wife in this case as being to a large extent for the benefit of the children. Considering the welfare of the children, no fair and reasonable alternative to awarding respondent the homestead property was presented to the trial court; appellant suggested none either at the trial or on this appeal. In fact, it appears to us that had the trial court simply divided the property according to some theoretically equitable one-third or one-half formula, such a determination would undoubtedly have resulted in greater burdens to the appellant in the future than those of which he now complains."

The same considerations apply in the instant case.

In the instant case, the mutual assets of the parties were limited. The care, custody and upbringing of the minor child were charged to the plaintiff. The trial court made a fair and reasonable division of the marital assets

such as would allow the plaintiff to ensure the proper setting for the upbringing of the child.

 Under these circumstances, where the plaintiff received only the house and the funds to make it livable, and where all other major assets were awarded to the defendant, it cannot be said that the trial court abused its discretion. The property division was not excessively in favor of the plaintiff, but was as fair, just and equitable as the circumstances allowed.

Moreover, if one considers the fact that at the time of the divorce the plaintiff was forty-seven years old; was temporarily unable to work due to medical problems; was likely to incur further medical expenses for which she herself would be liable; was possessed of no estate of her own; had no noted marketable work skills or abilities; and was to receive limited alimony for three years, the property division appears even more equitable. In fact, all of those factors which have traditionally been considered to be relevant in determining whether the trial court has erred in awarding a substantial share of the marital estate to the wife as stated in *Anderson, supra,* 639, are here present and weigh in favor of this award to the plaintiff. They are: (1) A relatively long period of marriage; (2) complete lack of any separate estate in the wife coupled with her inability to support herself; (3) the misconduct of the husband contributing to the breakup of the marriage; and (4) the amount of *permanent* alimony awarded to the wife. *See also: Kronforst, supra,* 61–63; *Wahl v. Wahl,* 39 Wis.2d 510, 523, 159 N.W.2d 651 (1968) ; and *Sholund, supra,* 132.

 *Alimony, Child Support and Attorney Fees:* The trial court's awards as to the above three categories have been heretofore stated. As with property division, this court has held that matters of alimony, child support and attorney fee contributions lie within the sound discretion of the trial court, and will not be disturbed on

appeal unless an abuse of discretion is shown. *Greco, supra,* 228, 229; *Dittberner v. Dittberner,* 54 Wis.2d 671, 676, 196 N.W.2d 643 (1972). Proper discretion is exercised where the trial court has considered the needs of the wife or children and the husband's ability to pay. *Dittberner, supra,* 676; *Husting v. Husting,* 54 Wis. 87, 194 N.W.2d 801 (1972); *Hennen v. Hennen,* 53 Wis.2d 600, 193 N.W.2d 717 (1972).

Although not separately stated, because the defendant discussed all awards cumulatively, it appears that the defendant's argument as to these awards is that they too are excessive.

Generally, the consideration of a trial court in setting alimony, child support and attorney fee contributions are the same as the considerations which go into the property division decision. *Tonjes, supra,* 125. In addition, because of the future application of these awards, and because of the fact that they relate in part to funds or income not existing and readily divisible at the date of the divorce, further consideration of the needs of the wife and children and the ability of the husband to pay must be made. *Balaam, supra,* 25; *Hirth, supra,* 493. The record supports the conclusion that the trial court engaged in those considerations.

Here the trial court found that the plaintiff at the time of divorce was receiving social security payments of approximately $150 per month and that the defendant had a monthly income of approximately $783. The record contained affidavits concerning normal weekly expenses for both parties. The defendant does not contend that it is beyond his ability to pay any of the above awards.

Under these circumstances, where it appears that the trial court considered all relevant factors, it cannot be said that the awards are excessive in favor of the plaintiff, or that the trial court abused its discretion. The defendant is employed and making a substantial amount

of money. The limited alimony of $100 per month to the plaintiff ceases at the end of three years—the time when the plaintiff's doctor informed her that she could return to work. The child support, at that same time, increases from $100 per month to $125 per month. The record does not reveal what portion of the plaintiff's attorney fees the $235 represents, but in light of the income of the defendant as compared with the limited income of the plaintiff, that amount is not unreasonable or manifestly unjust. *Jackowick v. Jackowick,* 39 Wis.2d 249, 159 N.W.2d 54 (1968).

The awards are not excessive in view of all the circumstances, and the defendant has advanced no factors which would render those awards excessive.

## VALUATION OF MAJOR ASSETS.

The defendant contends that the failure of the trial court to make findings of fact as to the value of major assets prior to making the property division constituted an abuse of discretion and error.

The record made by the respective parties contains little, if any, credible evidence upon which the trial court could have made specific findings as to the value of the homestead, the 7½ acre parcel of land in Crivitz, and the 19-foot house trailer. The record does contain some evidence as to the purchase price of some of them as well as the plaintiff's estimated value as to others. The trial court properly did not rely on this evidence to make findings as to the value.

The defendant cites *Shetney, supra,* and *Lacey, supra,* for the proposition that a trial court must properly ascertain the value of assets prior to dividing the marital estate. In both the above cited cases, this court held that

in a division of property decision a trial court must establish a firm foundation for the division by including in its written findings of fact or opinion or decision the factors found to be relevant and which were considered in arriving at the disposition. *Shetney, supra,* 33; *Lacey, supra,* 386. *See also Lavota v. Lavota,* 70 Wis.2d 971, 974, 236 N.W.2d 224 (1975). The defendant contends that the value of key assets is a critical factor to be considered and the failure to determine such value of record is a failure to make proper findings of fact or to consider material factors as mandated by the previously cited cases.

In the instant case, the trial court did state specifically in its decision the major factor which it considered in making the property division, *i.e.,* the welfare of the minor child. *Czaicki, supra,* 20, 21. The trial court properly considered that the duty imposed upon the plaintiff to raise the child necessitated that she be awarded the house, regardless of its poor physical condition.

Usually the circumstances are such that the trial court must ascertain the specific values of assets before making a decision upon property division. Such is the preferred procedure. However, under the circumstances of this case, no useful purpose would be served by remand to the trial court for a precise determination of values or percentages as to what was awarded to the respective parties. The assets are limited; the plaintiff was awarded the house and funds to effect repairs in order to enable her to carry out her responsibility toward the minor child; the defendant was awarded all other major assets. Valuation of the house, the 7½ acres of land, and the 19-foot house trailer, was not a critical or necessary consideration to this property division and award.

*By the Court.*—Judgment affirmed.