Jeanette HELMBRECHT, Plaintiff-Appellant,†

v.

ST. PAUL INSURANCE COMPANY and Raymond Colwin, Defendants-Respondents.†

Court of Appeals

*No. 82–1894. Submitted on briefs July 26, 1983.— Decided December 27, 1983.*
(Also reported in 343 N.W.2d 132.)

† Petitions to review and cross-review granted.

For the appellant the cause was submitted on the briefs of *John H. Correll* of Milwaukee.

For the respondents the cause was submitted on the brief of *Menn, Nelson, Sharratt, Teetaert & Beisenstein, Ltd.,* of Appleton.

Before Foley, P.J., Dean and Cane, JJ.

FOLEY, P.J.   Jeanette Helmbrecht appeals the trial court's dismissal of her malpractice claim against Raymond Colwin, her former attorney.   Although a jury found that Colwin was negligent in representing Helmbrecht in her divorce action, the trial court rejected the verdict, concluding that the evidence did not prove either negligence or damage.   Because the evidence proved both negligence and damage, we reverse the trial court's dismissal of Helmbrecht's complaint.   We cannot, however, affirm the jury's damage award, and a new jury cannot retry only the damage question.   We therefore remand this matter to the circuit court for a new trial on all issues.

Whether the evidence proved negligence and damage is a question of law. *See Thorp Sales Corp. v. Gyuro Grading Co.*, 107 Wis. 2d 141, 153, 319 N.W.2d 879, 884 (Ct App 1982). In deciding this question, we look only for evidence to support the verdict; and we consider the evidence, along with all reasonable inferences, in the light most favorable to the verdict. *See Herbst v. Wuennenberg*, 83 Wis. 2d 768, 780, 266 N.W.2d 391, 397 (1978).

From the evidence in this case, the jury could reasonably find that Colwin was negligent. Jeanette and Thomas Helmbrecht were divorced in 1977 after nearly twenty-four years of marriage. They had seven children, two of whom were still in Jeanette's custody. Jeanette was almost fifty years old and, although she had been trained as a nurse, she had not been regularly employed outside the home for about twenty years. Along with other property, Thomas had trust and pension interests and a dental practice, and he netted approximately $62,-000 per year from his practice.

Three experienced divorce attorneys testified that Colwin was negligent in failing to have the marital assets valued before trial. They also testified that Colwin was negligent in recommending that Jeanette accept limited maintenance and less than an equal division of the marital property. The jury was entitled to accept this testimony and reject the opinion of the divorce judge that Colwin acted as a "fine craftsman" and negotiated a "favorable and good" settlement for his client. Given the length of the marriage, the ages of the parties, marital assets of up to $263,000, and a single income of $62,000, we have no reservation in upholding the jury's determination that Colwin was negligent in recommending a $25,000 property award, $1,000 per month limited

maintenance for three and one-half years, and $400 per month child support for two children.

Considering what Jeanette received in the divorce compared to what she should have been awarded, the jury could reasonably find that Colwin's negligence damaged Jeanette. Because of Colwin's negligence, the divorce judge thought the marital assets totaled only about $80,000. He thus approved a totally inadequate property division. Additionally, had Jeanette not agreed to the limited maintenance award, she would have been a good candidate for more maintenance. *See sec.* 767.26, Stats.

The trial court incorrectly concluded that Jeanette was not damaged because the divorce judge testified that even in light of the additional evidence, he would not have awarded Jeanette anything more. The jury did not have to decide what the divorce judge in this case would have done; it had to decide what a reasonable judge would have done had Colwin made a proper presentation of Jeanette's case. *See Chocktoot v. Smith,* 571 P.2d 1255, 1257 (Or. 1977). Malpractice is negligence, and negligence is determined objectively.

Because this case must be retried, and because the divorce judge may again be asked to testify, we direct the trial court's attention to *Merritt v. Reserve Insurance Co.,* 110 Cal. Rptr. 511, 527–28 (Cal. Ct. App, 1973), and *Aetna Casualty & Surety Co. v. Price,* 146 S.E.2d 220, 227 (Va. 1966). In objectively determining negligence, the testimony of the divorce judge as to what he would have done is, at best, of questionable relevance. Additionally, although the jury obviously disregarded the testimony of the divorce judge in this case, there was the danger that the jury would give his testimony undue weight. Section 904.03, Stats., may therefore require that he not be allowed to testify. We believe there are

also policy reasons for not permitting judges to testify as expert witnesses. Judges are supposed to be impartial, and it is our experience that expert witnesses are often advocates and frequently do not appear impartial. Also, further demands on the time of judges should not be made when attorneys are perfectly capable of providing the needed testimony.

Finally, even though the evidence supports the jury's finding of causal negligence, we must remand this matter for a new trial on all issues. The jury was instructed to make their award based on what the divorce judge would have done. Based on this instruction, Jeanette was not damaged. Although this and other instructions were incorrect and favored Colwin, the jury had no right to ignore them, which they did. We cannot uphold a damage award made in complete disregard of the court's instruction even though the award may be reasonable. Because damages depend on negligence as found by the jury, and because we have no finding of specific negligence, a new jury cannot decide only Jeanette's damages. There must therefore be a new trial on all issues. *See Johnson v. Ray*, 99 Wis. 2d 777, 783, 299 N.W.2d 849, 853 (1981).

*By the Court.*—Judgment reversed and cause remanded.

CANE, J. (concurring). Although I concur with the majority's result, I am troubled by the opinion's assumption that the causal and damage questions are jury determinations. In order for a jury to determine whether the attorney's conduct "caused" any injury, it must look at the merits of the original claim. To resolve the issue of liability and damages in a legal malpractice case, the jury must determine what the outcome should have been if the attorney had properly presented the issues in the

first instance. *Lewandowski v. Continental Casualty Co.*, 88 Wis. 2d 271, 277, 276 N.W.2d 284, 287 (1979). Generally, this is not a problem because the outcome of the initial claim is usually a factual question that can be resolved by a jury.

Here, however, the original claim arises from a divorce action where the awards are judicial determinations, not factual determinations permitted to be made by a jury. *See* ch. 767, Stats. Spousal support, child support, and property division are matters for the trial court's discretion. *Bussewitz v. Bussewitz*, 75 Wis. 2d 78, 83–90, 248 N.W.2d 417, 421–24 (1977). Section 767.255, Stats., sets forth a number of factors for the trial court to consider in making its decision on property division. It is not simply a checklist, but rather factors for the trial court to weigh and balance in making an equitable property division.

Additionally, the court's award of maintenance, property division, attorney fees, and children's medical expenses are interrelated and interdependent. Maintenance orders are also subject to further order of the court. Consequently, maintenance could be increased or reduced depending upon future circumstances.

To make it even more difficult, here the final award was made after the court accepted a stipulation of the parties. What the parties considered in their negotiations cannot be ignored. In fact, on appellate review, we are not to reverse the trial court unless it has made a mistake of fact, an error in computation, or a property division that is inappropriate to the circumstances of the parties. *Bussewitz*, 75 Wis. 2d at 89–90, 248 N.W.2d at 424. Yet we now require a jury in this type of attorney malpractice action to arrive at a judicial determination on questions of causation and damages that the jury would not be permitted to make in a divorce action in the first instance.

Because trial court awards in divorce actions are treated as questions of judicial discretion with limited appellate review, I would conclude that the underlying question of what a reasonable judge would have awarded on the original claim should be for the trial court to determine.