Bohn, J.
This matter is before the Court for resolution of the Commonwealth’s motion for approval of subpoenas ad testificandum to Department of Industrial Accident Judges Stephen Sumner and Joseph Jennings. The Commonwealth asks this Court to approve the subpoenas so that the judges may testify at the trial of James N. Ellis Jr. on the above-referenced indictments. According to the Commonwealth, Judge Sumner will be asked to testify concerning statements made by the defendant before his court in June of 1994, after an insurer alleged that the defendant was pursuing a fraudulent claim on behalf of his client. The Commonwealth intends to call Judge Jennings as an expert witness in workers’ compensation law.
Trial Court Rule IX regulates subpoenas to court officials. Where applicable, Rule 1 of the Trial Court Rules IX state that “A subpoena to compel a justice ... to testify concerning actions taken in his or her official capacity shall not be served without the prior written approval of the court in which the underlying matter is pending.” When this Rule was proposed in 1992, the Chief Administrative Justice of the Trial Court informed the Supreme Judicial Court Rules Committee that the intended purpose of the Rule was
to insure that the public’s right to obtain evidence will be preserved without unduly interfering with the judiciary’s ordinary and proper functioning. By requiring judicial approval of a subpoena ad testi-ficandum to a justice . . . concerning actions taken in his or her official capacity and by compelling parties to use certified copies of court records as evidence ... Trial Court Rule IX eliminates the need to expend increasingly scarce judicial resources to respond to inappropriate and unnecessary subpoenas.
Letter dated May 26, 1992 from John F. Fenton, Chief Administrative Justice of the Trial Court to Hon. Hebert P. Wilkins, Chairman, Supreme Judicial Court Rules Committee, reported at 20 M.L.W. 14 (August 17, 1992).
In the present case, the Commonwealth seeks the approval of this Court to subpoena senior DIA Judge Joseph Jennings to testify as an expert witness “about workers’ compensation law, procedures before the Department of Industrial Accident, loss of function claims, lump sum settlements, concurrent wage claims, claims involving second or subsequent injuries as well as the remedies available to a party if fraud is discovered, and the rights of litigants before the Department.” See Motion, pp. 1-2. None of this anticipated testimony, however, concerns actions taken by Judge Jennings in his official capacity. None of the anticipated testimony, therefore, falls within the reach of Trial Court Rule IX. If Judge Jennings chooses to testify in the matter of Commonwealth v. James N. Ellis Jr., he may do so without this Court’s Rule IX intervention.
Furthermore, although no appellate court in Massachusetts seems to have addressed the issue, it may be inappropriate for the undersigned justice to require such testimony. As the Wisconsin Supreme Court held in Helmbrecht v. St. Paul Ins. Co., 343 N.W.2d 132 (Wis. 1983), “Judges are supposed to be impartial, and it is our experience that expert witnesses are often advocates and frequently do not appear impartial. Also, further demands on the time of judges should not be made when attorneys are perfectly capable of providing the needed testimony.” 343 N.W.2d at 135.
In the present case, there has been no showing that expert testimony cannot be elicited from a person other than a sitting DIA judge. For that reason, even if the issue were within the reach of Trial Court Rule IX, the request for approval to subpoena Judge Jennings would most likely be denied.
The request with respect to Judge Sumner is different. Here the Commonwealth seeks testimony from a sitting judge about proceedings before him and concerning actions taken by him in his official capacity. Again, it appears that no appellate court in Massachusetts has considered the precise issue presented by the Commonwealth’s request; however, in the case of Glenn v. Aiken, 409 Mass. 699 (1991), the Supreme Judicial Court considered the efficacy of a trial judge’s affidavit filed in support of a motion for summary judgment. In language helpful to resolution of the present motion, the Court noted as follows:
*334 We disfavor calling a judge as a witness to opine on what ruling he might have made on a particular hypothesis. The fact that this particular judge signed an affidavit should not distract us from noting the inappropriateness of turning to such extra-record, subjective views and of summoning judges to testify on such matters. Probing the mental processes of a trial judge, that are not apparent on the record of the trial proceeding, is not admissible.
409 Mass. at 703-04. And see Day v. Crowley, 341 Mass. 666 (1961) (judge cannot state secret or unexpressed reasons which actuated decision).
In the present case, the evidence the Commonwealth seeks to elicit from Judge Sumner can be reconstructed from the histoiy of this DIA case. Specifically, the nature of his testimony can be provided by witnesses other than him, including Ronald Sullivan, an attorney with expertise in workers’ compensation law who was present when Ellis acknowledged his understanding that, as had been reported, Ellis knew he was pursuing two claims for his client under two different names. Because the anticipated evidence is available through persons other than Judge Sumner, the extraordinary processes provided by Trial Court Rule IX are not necessary, and this Court is unwilling to unleash them. Other jurisdictions are in accord. See Reed v. Mitchell & Timbanard, P.C., 903 P.2d 621 (Ariz. 1995) (presence of a judge as a witness on behalf of a party may be prejudicial to the rights of the opposing party); Merritt v. Reserve Ins. Co., 110 Cal.Rptr. 511 (1973) (same); Commonwealth v. Connolly, 209 A.2d. 390 (Pa. 1970) (same); Aetna Casualty & Surety Co. v. Price, 146 S.E.2d 220 (VA. 1996) (same). See also Helmbrecht v. St. Paul Ins. Co., 343 N.W.2d 132 (Wis. 1983) (due to the disruptions in the functioning of the court system occasioned by a judge being called as a witness, a judge should not be called unless the rights of the party requesting the testimony cannot otherwise be protected); State ex rel. Carroll v. Junker, 482 P.2d 775 (Wash. 1971) (same); State v. Donovan, 30 A.2d 421 (N.J. 1943) (same); Woodward v. Waterbury, 155 A. 825 (Conn. 1931) (same).
It is the opinion of this Court that, absent a showing that there are no other means by which the desired testimony can be obtained; and, absent a showing that the testimony itself is critical to an understanding of the government’s case, the motion to approve subpoena to Department of Industrial Accident judges should be denied.
ORDER
For the reasons set forth above, the motion of the Commonwealth for approval of subpoena to Department of Industrial Accident Judges is DENIED.